# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MATTHEW CORPIEL,**

**Plaintiff,**

v.

Case No.:

**WYNDHAM HOTELS AND RESORTS, a Foreign Limited Liability Company, d/b/a LA QUINTA INN & SUITES,**

**Defendant.**

_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, MATTHEW CORPIEL (hereinafter referred as "CORPIEL" or "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant WYNDHAM HOTELS AND RESORTS, a Foreign Limited Liability Company, d/b/a LA QUINTA INN & SUITES (hereinafter referred as "LA QUINTA" or "Defendant"), pursuant to the Family Medical Leave Act ("FMLA"), and in support of states as follows:

### NATURE OF CASE

The Family and Medical Leave Act of 1993 ("FMLA") 29 U.S.C. § 2601, et seq., is a United States federal law requiring covered employers to provide employees job-protected and unpaid leave for qualified medical and family reasons. The FMLA was intended to balance the demands of the workplace with the needs of families. Defendant violated the FMLA by interfering and retaliating against Plaintiff for engaging in his FMLA rights. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to be pled), and attorneys' fees and costs.

## PARTIES

1. CORPIEL was hired by LA QUINTA in March 2017 as a Front Desk Agent.

2. LA QUINTA owns and operates multiple locations in North America, including in Orlando, Florida, where Plaintiff was employed.

3. By the very nature of its work, LA QUINTA is a corporation that is engaged in commerce.

4. LA QUINTA is engaged in an industry affecting commerce.

5. LA QUINTA employs more than fifty (50) employees.

6. LA QUINTA employs more than fifty (50) employees within 75 miles of its Orlando, Florida location.

7. Plaintiff is an "employee" as defined by the FMLA.

8. LA QUINTA is an "employer" as defined by the FMLA.

## JURISDICTION & VENUE

9. Jurisdiction is proper in this court pursuant to section 26.012, Florida Statutes.

10. Plaintiff is seeking damages in excess of $15,000, exclusive of attorney's fees and costs.

11. Plaintiff worked for LA QUINTA in Orange County, Florida.

12. LA QUINTA conducts business in Orange County, Florida.

## FACTUAL ALLEGATIONS

13. Plaintiff worked for LA QUINTA from approximately March 2017 to February 12, 2019.

14. Plaintiff was employed with LA QUINTA for more than one (1) calendar year leading up to December 2018.

15. Plaintiff worked over 1,250 hours for LA QUINTA during the year immediately preceding December 2018.

16. Throughout his employment, Plaintiff had no performance issues and was being considered for promotion.

17. Plaintiff requested FMLA leave to begin in December 2018.

18. LA QUINTA approved Plaintiff for FMLA leave beginning on December 18, 2018 through January 28, 2019.

19. Plaintiff began approved FMLA leave to care for his wife on December 18, 2018.

20. During his leave, Plaintiff experienced hostility and animosity from his mangers for not being present at work.

21. Plaintiff returned to work from FMLA and immediately began to perform as he had previously.

22. In fact, within days of his return from FMLA leave, a LA QUINTA guest submitted a comment card praising Plaintiff for his customer service.

23. Despite Plaintiff performing well, his supervisor, General Manager, Scott Kennedy, made comments berating Plaintiff for using FMLA and forcing the Company to "cover [Plaintiff's] shifts."

24. Incredibly, Mr. Kennedy also asked why Plaintiff's wife could not "just get over" her medical issues that required FMLA because "it shouldn't be a big deal."

25. Mr. Kennedy's comments are direct evidence of the Company's negative bias against Plaintiff for using FMLA.

26. On or around February 11, 2019, a LA QUINTA guest complained that the hotel shuttle was not running often enough.

27. Plaintiff was sent home by his manager and terminated the next day.

28. During the termination meeting, Mr. Kennedy, *again*, provided direct evidence that FMLA was the reason for Plaintiff's termination.

29. Specifically, Mr. Kennedy told Plaintiff that he was terminated because he had been "gone for six weeks" and was "unreliable."

30. Mr. Kennedy's comments directly referenced Plaintiff's FMLA leave to care for his wife.

31. Accordingly, Mr. Kennedy's actions and comments are *direct* evidence of bias against Plaintiff for utilizing his FMLA rights.

32. LA QUINTA's actions interfered with Plaintiff's rights under the FMLA.

33. LA QUINTA retaliated against Plaintiff for engaging in his rights under the FMLA.

## **COUNT I - INTERFERENCE UNDER THE FMLA**

34. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

35. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

36. LA QUINTA was Plaintiff's employer as defined by the FMLA.

37. LA QUINTA's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

38. As a direct, natural, proximate and foreseeable result of the actions of LA QUINTA, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

39. Plaintiff has no plain, adequate or complete remedy at law for the actions of LA QUINTA, which have caused and continue to cause irreparable harm.

40. LA QUINTA's violations of the FMLA were willful.

41. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment in his favor and against LA QUINTA for their interference with his rights under the FMLA;

b. judgment in his favor and against LA QUINTA for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of LA QUINTA's conduct;

c. judgment in his favor and against LA QUINTA for his reasonable attorneys' fees and litigation expenses;

d. judgment in his favor and against LA QUINTA for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e. declaratory judgment that LA QUINTA'S practices toward Plaintiff violate his rights under the FMLA; and

f. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II - RETALIATION UNDER THE FMLA

42. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 33 above as if fully set forth herein.

43. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

44. LA QUINTA was Plaintiff's employer as defined by the FMLA.

45. LA QUINTA discriminated and/or retaliated against Plaintiff because LA QUINTA knew he was eligible for leave under the FMLA.

46. LA QUINTA discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise his rights under the FMLA

47. LA QUINTA had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

48. LA QUINTA's acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

49. LA QUINTA's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

50. LA QUINTA's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

51. As a direct, natural, proximate and foreseeable result of the actions of LA QUINTA, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

52. Plaintiff has no plain, adequate or complete remedy at law for the actions of LA QUINTA, which have caused and continue to cause irreparable harm.

53. LA QUINTA's violations of the FMLA were willful.

54. Plaintiff is entitled to recover his attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE,** Plaintiff respectfully requests entry of:

    a.    judgment in his favor and against LA QUINTA for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

    b.    judgment in his favor and against LA QUINTA for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of LA QUINTA's conduct;

    c.    judgment in his favor and against LA QUINTA for his reasonable attorneys' fees and litigation expenses;

    d.    judgment in his favor and against LA QUINTA for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    e.    declaratory judgment that LA QUINTA's practices toward Plaintiff violate his rights under the FMLA; and

    f.    an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this __16th__ day of December, 2019.

Respectfully submitted,
*/s/ Louis Montone*
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, Florida 32789
Office:   (407) 574-4999
Facsimile: (407) 960-4789
E-mail: cleach@theleachfirm.com
E-mail: lmontone@theleachfirm.com
*Attorneys for Plaintiff*